IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY LOUCKA<br>65 Herdmont Drive<br>Fredericksburg, VA 22406<br><br>    Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE<br>COMPANY<br><br>SERVE: Insurance Commissioner for the District<br>            of Columbia<br>            Department of Insurance, Securities, and<br>            Banking<br>            810 First St., NE<br>            Suite 701<br>            Washington, DC 20002<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1. Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. §1132.

2. This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1331 (Federal Question).

3. Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants were responsible for providing benefits through employment of the participants of the Plan with subject benefits provided by Defendant who are doing business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4.      This is an action pursuant to 29 U.S.C. §§ 502(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan.  Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA.  Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest.  Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a).  Plaintiff seeks an award of attorney's fees and costs.

## Parties

5.      Plaintiff is an adult resident of Fredericksburg, Virginia.

6.      Plaintiff was a plan participant under an employee welfare benefits plan established by his employer, Nova-Dine Corporation doing business in the District of Columbia with the policy issued to him while being employed at The Pentagon.

7.       Nova-Dine Corporation utilized Defendant, Lincoln National Life Insurance Company (Hereinafter, "Lincoln") as the claims administrator and insurer for the plan.

## The Disability Contract

8.      The plan promises to pay benefits if an employee is disabled.

9.      Disability in the plan is defined as follows and includes the following subdefinitions:

> **TOTAL DISABILITY** or **TOTALLY DISABLED** means the Insured Person's inability, due to Sickness or Injury, to perform all of the Main Duties of his or her Own Occupation.
>
> LIMITATION. If an Insured Employee is Disabled primarily due to one or more of the Specified Injuries or Sicknesses defined below; the Partial or Total Disability Monthly Benefits:

    1.    will be payable subject to the terms of this policy; but
    2.    will be limited to 24 months for any one period of Disability; unless the Insured Employee is confined to a Hospital.

"Specified Injuries or Sicknesses" include any Chronic Fatigue Sickness, Environmental Sickness, Mental Sickness, Musculoskeletal/Connective Tissue Injury or Sickness, or Substance Abuse, as defined below.

"Chronic Fatigue Sickness" means a sickness that is characterized by debilitating fatigue, in the absence of other known medical or psychological conditions. It includes, but is not limited to:
    1.    chronic fatigue syndrome or chronic fatigue immunodeficiency syndrome;
    2.    an Epstein-Barr or herpes 6 viral infection, or post viral syndrome; and
    3.    limbic encephalopathy or myalgic encephalomyelitis.

It does **not** include depression or any neoplastic, neurologic, endocrine, hematologic, or rheumatologic disorder.

### Plaintiff's Disability Claim

10. Plaintiff suffers from pain, discomfort, fatigue and other related impairments caused by Lyme disease among other conditions and impairments.

11. Plaintiff was an employee at the Nova-Dine Corporation serving as a System Administrator at the time he became disabled on or about 7/2/14.

12. Lincoln denied long term disability benefits on 10/22/14.

13. Plaintiff acquired the undersigned counsel and filed a second appeal timely on 4/16/15 which included additional medical, functional and vocational evidence.

14. Lincoln denied benefits again on 5/13/15 based on medical and vocational reviews not supplied to Plaintiff prior to rendering its final claim denial.

15. Plaintiff, through counsel, filed a second short term disability appeal including additional medical support on 7/14/15.

17. While waiting for a decision of the second short term disability appeal, the Plaintiff applied for long term disability benefits which were governed under the same definitions for disability as the short term disability benefits.

18. Lincoln issued a final denial of short term disability benefits on 9/16/15, basing its decision on reviews not presented to the Plaintiff prior to issuing the claim denial.

19. Plaintiff's long term disability claim was approved on 10/13/15 despite no substantial change in the Plaintiff's condition and under the same definition of disability as utilized in the short term disability claim.

20. Lincoln denied long term disability benefits on 10/5/16.

21. Plaintiff, through counsel, Plaintiff, through counsel, filed a second short term disability appeal including additional medical support on 9/28/16.

22. Lincoln issued a final denial of the long term disability appeal on 11/30/16.

23. With Lincoln's final denial of short and long term disability benefits, all conditions precedent under the plan have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit. This denials were a result of a clear conflict of interest.

24. Plaintiff is entitled to these benefits under the plan since she has:

   A. Satisfied all conditions to be eligible under the plan; and

   B. Has not waived or otherwise relinquished his entitlement to these benefits.

### Requested Relief

25. Plaintiff requests that this court review the denials of short and long term disability benefits in this case and declare that he is entitled to all benefits under the policy

including payment of all back benefits with interest.

26. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

27. Any such other relief the Court may deem just and proper.

                                        Respectfully submitted,

                                        _____/s/_____
                                        Scott B. Elkind, Bar 438811
                                        Elkind & Shea
                                        801 Roeder Rd., Ste. 550
                                        Silver Spring, MD 20910
                                        P: (301) 495-6665
                                        F: (301) 565-5111
                                        Attorney for Plaintiff